IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

ROGER P. JACKSON, MD.,            )
                                  )
            Plaintiff,            )
                                  )
      v.                          )            Case No. 12-01031-CV-W-NKL
                                  )
MIZUHO ORTHOPEDIC SYSTEMS         )
INC.,                             )
                                  )
            Defendant.            )

**<u>SCHEDULING AND JURY TRIAL ORDER</u>**

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, and upon

consideration of the parties' proposed scheduling order and arguments, the following schedule is

hereby established:

> ***A.***     ***<u>TRIAL SETTING:</u>***

> 1.    This case is set for trial on the jury docket commencing at <u>9:00 a.m.</u> on
<u>September 29, 2014</u>, in the United States Courthouse, 400 E. 9th Street, Courtroom 8E,
Kansas City, Missouri 64106.   The list of cases to be tried will be sent to the parties
approximately   six - eight weeks in advance of that docket.   The parties shall stay in
touch with my courtroom deputy, Renea Kanies (816-512-5689) to determine when their
case will be reached for trial.

> 2.    Unless requested within fourteen (14) days from the date of this Order, no
continuance of the trial date or the pretrial conference date will be given except upon
written notice and for exceptional cause.

> ***B.***     ***<u>PLEADINGS:</u>***

> 1.    Any motion to join additional parties will be filed on or before <u>December
28, 2012</u>.

> 2.    Any motion to amend the pleadings will be filed on or before <u>February 7,
2013</u>.

**C.** **_DISCOVERY:_**

    1.    Absent extraordinary circumstances, all discovery motions will be filed on or before <u>January 22, 2014</u>.  *See* Local Rule 37.1 for procedures that must be followed before filing a discovery motion.   The Court will not entertain any discovery motion absent full compliance with Local Rule 37.1.   Any discovery motion filed without complying with Local Rule 37.1 will be denied.   In the event that a teleconference is needed, my courtroom deputy may be reached at (816) 512-5689.   All teleconference requests should be directed to her.   Each party to the dispute shall fax a description of the discovery dispute, **<u>not to exceed one page in length</u>**, to the Court at (573) 636-5108, and to opposing counsel at least 24 hours before the teleconference.

    2.    The Court adopts Sections B and C of the Joint Proposed Scheduling Order and Discovery Plan [Doc. 20] filed on November 28, 2012.

    3.    All pretrial discovery authorized by the Federal Rules of Civil Procedure will be completed on or before <u>February 21, 2014</u>. This means that <u>all discovery disputes must be resolved</u> and <u>all depositions taken</u> prior to the date specified in this paragraph.

    **D.**    **_DISPOSITIVE MOTIONS:_**    All dispositive motions, except those under Rule 12(h)(2) or (3), will be filed on or before <u>March 21, 2014</u>.   All summary judgment motions will comply with Local Rule 56.1.   The Court will treat all Daubert motions as dispositive motions for purposes of this paragraph.

    **E.**    **_EXTENSION OF TIME:_**

    1.    All motions for extension of time pursuant to Rule 6(b) or Rules 31, 33, 34 and 36 must state:

    a.    The date when the pleading, response or other action is/was first due;

    b.    The number of previous extensions and the date the last extension expires;

    c.    The cause for the requested extension, including a statement as to why the action due has not been completed in the allotted time; and

    d.    Whether the requested extension is approved or opposed by opposing counsel (agreement by counsel of a requested extension is not binding on the Court).

2.      Unless requested within fourteen (14) days from the date of this Order, no continuance of the trial date or the pretrial conference date will be given except upon written notice and for exceptional cause.

**F.      _PRETRIAL CONFERENCES:_**

1.      An initial pretrial conference in this case will be held on September 18, 2014, at 1:00 p.m., in Judge Laughrey's chambers, Kansas City, Missouri 64106.   Lead trial counsel will participate in this conference.    Prior to the initial pretrial conference, counsel for all parties shall meet, prepare and sign a Memo on Pretrial Conference in the form attached.   The Memo on Pretrial Conference must be filed electronically by 5:00 p.m. on September 11, 2014.   All parties are responsible for the preparation of the Memo on Pretrial Conference and shall jointly complete this Memo.

2.      A final pretrial conference will be held one-half (½) hour before the trial in Judge Laughrey's chambers, Kansas City, Missouri.

**G.      _WITNESS LIST:_.**   If a witness is not listed by a party in the Memo on Pretrial Conference, that witness will not be permitted to testify absent leave of Court and then only for the purpose of unanticipated rebuttal or unanticipated impeachment.

**H.      _EXHIBITS_**:   The parties shall provide to the courtroom deputy, the morning of trial, an Exhibit Index, with said index being prepared on a form provided by the Clerk's Office.

1.      _Exhibit List:_   Except by leave of Court for good cause, no exhibit will be received in evidence which is not listed in the Memo on Pretrial Conference.

2.      _Marking:_   Plaintiff and Defendant shall use numbers, designating who is offering the exhibit (P1 for Plaintiff's Exhibit 1, D1 for Defendant's Exhibit 1, J1 for Joint Exhibits, etc.).   Each item, i.e., each photograph, each document, must have its own exhibit number.   All exhibits shall be marked by the parties prior to trial.

3.      _Copy of exhibits for Court._   At the time an exhibit is used during trial, the party who first uses the exhibit must provide a copy of the exhibit to the Courts.

**I.      _REQUESTED VOIR DIRE QUESTIONS_**:   Requested voir dire questions are to be filed at the time of the initial pretrial conference. A courtesy copy of the proposed voir dire questions shall be e-mailed to my assistant at    _Fran.Smith@mow.uscourts.gov_ (in Word Perfect or compatible software format).

3

**J.**     **JURY STATEMENT**:  The parties are directed to agree upon a statement to be read to the jury setting forth the background of this case and the claims being asserted.   This statement will be read to the jury panel prior to the voir dire.   The jury statement must be filed electronically and shall be e-mailed to my assistant at     *Fran.Smith@mow.uscourts.gov* (in Word Perfect or compatible software format).

**K**.     **INSTRUCTIONS:**

1.     **Requested Jury Instructions**:   Proposed jury instructions shall be submitted at the time of the initial pretrial conference in the following form:

a.     **The parties shall meet (by telephone or in person) and confer to assist in filing an agreed upon, single, unified (meaning one) set of proposed jury instructions.**   Agreed upon instructions shall include the following notation at the bottom of the proposed instructions:   "This proposed instruction is agreed upon by the parties."   If a party proposes an instruction that is not agreed upon, the proposed instruction shall indicate which party is proffering the instruction. Proposed instructions by opposing parties on the same subject matter shall be grouped together.   (For example, if each party proposed a different preponderance of the evidence instruction, Instruction No. 10A would be the Plaintiff's proffered preponderance of the evidence instruction and Instruction No. 10B would be the Defendants' proffered preponderance of the evidence instruction.)   Each instruction shall be numbered individually and each instruction shall begin on a separate sheet of paper.

b.     At the bottom of each instruction, the party advancing the instruction shall set forth the citation of the patterned instruction, decision, statute, regulation or other authorities supporting the proposition stated in the proposed instruction.

c.     Any modification of a pattern instruction shall be disclosed.

d.     Plaintiff's counsel shall be responsible for initiating the instruction meeting with defense counsel, for making arrangements to obtain defense counsel's proposed instructions should the parties not agree, and for filing the unified set of proposed instructions at the initial pretrial conference.   A courtesy copy of the instructions shall be e-mailed to my assistant at     *Fran.Smith@mow.uscourts.gov* (in Word Perfect or compatible software format).

e.     Instructions not requested as set forth above and not filed at the time of the initial pretrial conference shall be deemed to have been not properly

4

requested within the meaning of Fed. R. Civ. P. 51, ***and shall be deemed waived*** unless the subject of the request is one arising in the course of trial which could not reasonably have been anticipated prior to trial from the pleadings, discovery or nature of the case.

**L.**     **<u>MOTIONS IN LIMINE</u>**:   Motions in limine must be filed at least **ten (10) days** prior to the initial pretrial conference.   Responses to any motions in limine must be filed at least **five (5) days** prior to the initial pretrial conference.   The parties shall file all motions in limine in a single document on ECF, designating separate evidentiary issues by numbered headings within that document; response or reply briefs shall be filed in a single document on ECF and correspond to the numbered headings in the opening brief

**M.**     **<u>SETTLEMENT DEADLINE</u>**: Unless otherwise ordered, the court hereby imposes a settlement deadline of **<u>12:00 Noon on the day before trial</u>**.   If the case is settled after that date, the court may enter an order to show cause why certain costs should not be imposed on the party or parties causing the delay in settlement.

**IT IS SO ORDERED.**

  s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
UNITED STATES DISTRICT JUDGE

Dated:    December 18, 2012

5